UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JAMES F. MORRISON, ) | CASE NO. 1:15 CV 1419 |
| ) | |
| Plaintiff, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | |
| ) | OPINION AND ORDER |
| OHIO DEPARTMENT OF REHABILITATION ) | |
| AND CORRECTION, et al., ) | |
| ) | |
| Defendants. ) | |

On July 17, 2015, Plaintiff *pro se* James F. Morrison, an inmate at the Richland Correctional Institution ("RCI"), filed this 42 U.S.C.§ 1983 action against Defendants Ohio Department of Rehabilitation and Correction ("ODRC"), Ohio State Highway Patrol ("OSHP"), and the Richland County Prosecutor. He filed an "Amended Complaint" on August 7, 2015, adding the following Defendants: Ross Correctional Institution Inmate James D. Hunt, RCI Correctional Officer Connie Carpenter, RCI Warden Margaret Bradshaw, ODRC Director Gary Mohr, RCI Institutional Investigator, OSHP Trooper Bryan L. Butler, and Richland County Prosecutor Bambi Couch Page.[1]

Plaintiff alleges in the Complaint that he was assaulted by inmate Defendant Hunt on August 5, 2013 in an RCI bathroom, and that this attack was the result of a conspiracy with correction

---

[1] Plaintiff's pleadings are hereafter referred to together as "the Complaint."

officer Defendant Carpenter. He further alleges the remaining Defendants are responsible for the fact that no criminal charges have been brought against Hunt or Carpenter for the incident.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim, as the allegations he sets forth are entirely conclusory. *See*, *e.g., Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a

claim for relief).

Accordingly, this action is dismissed under section 1915A. The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: December 16, 2015         *s/     James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE